Matthew R. Mendelsohn
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 228-9898
Facsimile: (973) 228-0303

**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (CA SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ykrivoshey@bursor.com
*Pro Hac Vice pending*

*Attorneys for Plaintiff and Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC VARGAS, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REY Logistics Inc.,<br><br>　　　　　Defendant. | **No.:**<br><br><br>**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

　　　　Plaintiff Eric Vargas brings this action against Rey Logistics Inc. ("REY Logistics" or "Defendant"), by and through his attorneys, individually and behalf of all others similarly situated ("Class Members").  Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

## INTRODUCTION

1.      Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") for unsolicited telemarketing calls made by or on behalf of Defendant. Plaintiff, individually, and for Class Members, seek an injunction and an award of statutory damages to Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

2.      Plaintiff Eric Vargas is a natural person.  Mr. Vargas was a resident of Ridgefield Park, New Jersey at all times during the events alleged in the Complaint.  At all relevant times Mr. Vargas was the user, subscriber, owner and possessor of the cellular telephone number 201-647-XXXX.  Mr. Vargas has never engaged in any business with Defendant, and does not nor has he ever had a business relationship with Defendant.  Mr. Vargas has never provided consent to Defendant – implied, oral, written, or otherwise – to call him for any reason.  Defendant has placed telemarketing text messages to Mr. Vargas's cellphone numerous times between 2020 and continuing to the present.  Each time Defendant texted Mr. Vargas, the text message was a solicitation to apparently join Defendant as a trucking employee or contractor.  Defendant's text messages would end with "Text STOP to end," and Mr. Vargas would consistently reply "Stop" in an attempt to get Defendant to stop calling or texting him in the future.  However, Defendant continued to text Mr. Vargas solicitation text messages of the same nature, often from different phone numbers.  The texts to Mr. Vargas' cellphone from Defendant have been an extreme nuisance, and have been a repeated invasion of his privacy.  Plaintiff has attached as **Exhibit A** examples of

telemarketing text messages that Defendant made to Plaintiff's cell phone, as well as Plaintiff's responses thereto.

3.      Defendant Rey Logistics Inc. is, and at all relevant times was, a corporation organized under the laws of the State of Pennsylvania, with a principal place of business located at 1300 Industrial Blvd STE 212, Southampton, PA 18966, and is a "person" as defined by 47 U.S.C. §153 (39).  Defendant is in the business of trucking, working with truck drivers to deliver goods throughout the continental United States.  Defendant seeks out truck drivers through the use of telemarketing calls and text messages at issue in this action using an automated system for the selection or dialing of telephone numbers.

## JURISDICTION AND VENUE

4.      The Court has federal subject matter jurisdiction under 47 U.S.C. § 227. *Cf. Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

5.      This Court has jurisdiction over Defendant, because it does business in the State of New Jersey, and because the wrongful acts alleged in this Complaint were committed in or emanated from New Jersey.

6.      Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. Congress found that "automated and prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from the nuisance and privacy invasion."

Pub. L. No. 102-243, §§ 2 (10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. *See also Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368 (2012) ("The Act bans certain invasive telemarketing practices").

8.     The text messages that Defendant sent to Plaintiff constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

9.     These calls were made to promote Defendant's goods and services.

10.     These unsolicited text messages were placed to Plaintiff's cellular phone using an "automatic telephone dialing system" ("ATDS")—as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A)—which had the capacity to store or produce and dial numbers randomly or sequentially, and to place telephone calls and/or SMS or text messages to Plaintiff's cellular telephone.

11.     The Federal Communications Commission ("FCC") has promulgated regulations under the TCPA which also require that sellers and telemarketers maintain an "internal do-not-call list" ("IDNC" list) — i.e., a "list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]" — and further prohibits sellers from "initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d). Cf. 47 U.S.C. § 227(b)(1).  Here, Defendant both does not adequately maintain a list of persons that request not to receive telemarketing calls, and does not consistently or routinely honor requests not to be call even for those persons – like Plaintiff and other class members – that request to be added to the do not call list.

12.     The FCC's regulations "generally establish that the party on whose behalf a

solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995). The FCC reiterated this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 (2013).

13.     The FCC has also confirmed that a party can be vicariously liable for autodialed calls that are placed by third parties in violation of Section 227(b) of the TCPA and that subsection's corresponding regulations. *See In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013). *Accord, Jenkins v. National Grid USA*, No. 15-cv-1219, 2017 WL 1208445, *3 (E.D.N.Y. Mar. 31, 2017); *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-cv-6131, 2014 WL 3014874, *3 (E.D.N.Y. July 3, 2014).

14.     Defendant's calls and text messages forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephones with one or more unwanted calls, causing a nuisance and lost time.

15.     Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or its agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

16.     Defendant's calls annoyed and frustrated Plaintiff, distracted Plaintiff, and invaded Plaintiff's privacy.

## CLASS ACTION ALLEGATIONS

17.     **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant

to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

**National Telemarketing Class:**  All persons in the United States who received two or more telemarketing calls or text messages within any 12-month period on their residential telephone number from Defendant or its agents who never provided their telephone number to Defendant or any of its agents, from June 30, 2018 through the date the Court certifies the class.

**Internal Do Not Call Class ("IDNC Class"):** All persons in the United States who received two or more telemarketing calls or text messages within any 12-month period from Defendant or its agents at least thirty-one (31) days after requesting to be placed on Defendant's do not call list or requesting that Defendant stop calling them at any time from June 30, 2018 through the date the Court certifies the class.

18.     Excluded from the classes is Defendant, its affiliates, employees, officers and directors, persons or entities, and the Judge(s) assigned to this case.  Plaintiff reserves the right to modify the class definitions if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

19.     There is a well-defined community of interest in the litigation and the classes are readily ascertainable.

20.     <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

21.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other members of the classes. Plaintiff is not different in any relevant way from any other member of the classes, and the relief he seeks is common to each class.

22.   <u>Commonality</u>: Plaintiff's and Class Members' experiences receiving calls by or on behalf of Defendant are common. They received multiple, incessant, uninvited robocalls or text messages for the purposes of marketing Defendant's products or services. The calls were made irrespective to whether Plaintiffs and Class Members were on the Internal Do Not Call List and their requests that the calls cease.

23.   In addition, common questions of fact and law exist as to all members of the classes and predominate over the questions affecting only individual members of the classes. Identification of the individuals who qualify as a member of the classes will be sufficient to establish liability to the class member. The predominant common questions include:

a.   Whether Defendant and/or its agents are engaged in telemarketing and the calls at issue were made for the purpose of solicitation;

b.   Whether Defendant's dialing equipment is an automated system for the selection or dialing of telephone numbers;

c.   If an agent was utilized, whether Defendant is vicariously liable for its agents' calls;

d.   Whether Defendant and/or its agents had legally effective consent to place telemarketing calls to Plaintiff and class members;

e.   Whether Defendant and/or its agents instituted procedures and minimum standards prescribed by 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity;

f.   Whether Plaintiff and Class Members are entitled to damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages;

g.   Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

24.   <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and TCPA class actions, and Plaintiff intends to prosecute this

action vigorously.

25.     <u>Predominance and Superiority</u>: The classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for Class Members to individually obtain effective relief from Defendant's misconduct. Even if Class Members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

26.     <u>Generally Applicable Policies</u>: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each class as a whole. The policies of the Defendant challenged herein apply and affect members of each class uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

27.     <u>Injunctive Relief is Appropriate</u>: Based on information and belief, Defendant continues to engage in the improper practices discussed above. Injunctive relief is necessary

and appropriate to enjoin Defendant's conduct and to prevent irreparable harm to Plaintiff and Class Members for which they have no adequate remedy at law. In particular, Plaintiff seeks the following specific relief:

    a.  Require Defendant to retain call and text message records;

    b.  Require Defendant to retain proof of any express consent to receive telemarketing calls and text messages;

    c.  Require Defendant and its agents to cease making telemarketing calls and text messages to any person that has not provided express consent to receive such calls;

    d.  Require Defendant to maintain an internal do not call list and ensure that neither Defendant, nor its agents, initiates phone calls or text messages to any person on that list;

    e.  Prohibit Defendant from hiring telemarketers that do not comply with State regulations to maintain a valid license, registration, and/or bond to call customers/prospects residing in that state.

    f.  Prohibit Defendant from hiring telemarketers that do not comply with Federal or State law and regulations.

The presence of Plaintiff and other class members' information on Defendant's lead lists exposes them to further calls from Defendant and their agents in the future.

### VIOLATIONS ALLEGED

### COUNT I
**Violations of the TCPA, 47 U.S.C. § 227 (c)(5)**
**(Individually, and on Behalf of the National Telemarketing Class and the IDNC Class)**

28.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint. Plaintiff asserts these claims on behalf of himself and members of the National Telemarketing Class and IDNC Class.

29.    47 C.F.R. § 64.1200(d) provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive

telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised."

30.     The TCPA creates a private right of action for injunctive and monetary relief for any "person who has received more than one telephone call within any 12–month period by or on behalf of the same entity in violation of [e.g., 47 C.F.R. § 64.1200(d).]" 47 U.S.C. § 227(c)(5). *See also* 47 C.F.R. § 64.1200(d)(3) (liability for company specific DNC list violations).

31.     Defendant and its agents made more than one unsolicited telephone call to Plaintiff and members of the National Telemarketing Class and IDNC class within a 12-month

period in violation of 47 C.F.R. § 64.1200(d), and made such calls more than 31 days after Plaintiff and members of the IDNC class requested to be placed on Defendant's internal do not call list.

32.     Defendant did not institute minimum procedures required under 47 C.F.R. § 64.1200(d); Defendant consistently fails to honor the requests of Plaintiff and other individuals to stop calling, and specifically to place their name and telephone number on Defendant's internal do not call list and to otherwise maintain an adequate do not call policy required under 47 C.F.R. § 64.1200(d).

33.     Defendant and its agents violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to wireless and wireline residential telephones of Plaintiff and members of the classes without instituting minimum procedures required under 47 C.F.R. § 64.1200(d).

34.     Defendant willfully violated 47 C.F.R. § 64.1200(d). Defendant knew that it and its agents failed to institute minimum procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant and that they repeatedly ignored and/or refused to honor Plaintiff's and class members' requests to be placed on an IDNC list.

35.     Plaintiff, individually, and on behalf of the other members of the classes, seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under 47 U.S.C. § 227(c)(5) against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Classes, respectfully requests that this Court enter judgment and order in their favor against Defendant as follows:

a.     An order certifying the proposed Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class

Counsel;

b.      Judgment against Defendant, and in favor of Plaintiff and the other Class Members in the amount of $500 per violation of the TCPA as proven at trial;

c.      Judgment against Defendant, and in favor of Plaintiff and the other Class Members in the amount of $1,500 per knowing and willful violation of the TCPA as proven at trial;

d.      Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

e.      An award of attorneys' fees and costs, as allowed by law;

a.      An award of pre-judgment and post-judgment interest, as provided by law;

b.      Leave to amend the Complaint to conform to the evidence produced during discovery and at trial; and

c.      Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated:  July 7, 2022

By: _____

Matthew Mendelsohn
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 228-9898
Facsimile: (973) 228-0303
e-mail: mrm@mazieslater.com

**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (*pro hac vice* to be filed)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ykrivoshey@bursor.com

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby further certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

_____
MATTHEW R. MENDELSOHN

Dated:  July 7, 2022

EXHIBIT A

2:44

(866) 849-0598



Start a new and more profitable journey with the logistics pros who are ready to keep you moving.

Call us at (215) 330-2256 today

Text STOP to end

STOP

2:04 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

Write a message...

2:44

(855) 930-6004

2:35 PM



**Start a new and more profitable journey with the logistics pros who are ready to keep you moving.**

**Call us at  (215) 330-2256 today**

**Text STOP to end**

Stop

2:43 PM

**NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.**

Write a message…



5:41  60°

5G  63%



← **(615) 857-6841**  📞  ⋮

5:36 PM



Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at [(615) 647-6227](tel:6156476227)

Text STOP to end



Stop



Write a message...  ➤

  

 

Case 2-22-cv-04463-SDW-MAH    Document 1    Filed 07/07/22    Page 18 of 27 PageID: 18

## (615) 682-9104



Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at (615) 647-6227

Text STOP to end

1:48 PM

3:02 PM

Stop

3:02 PM

3:02 PM

You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe.

Write a message...

← **(844) 461-2534** 📞 ⋮



Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at (615) 647-6227

Text STOP to end

Stop

3:00 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

Write a message...

3:35  75°    42%

← **(855) 713-8223**   📞   ⋮



AND GET AN UNPRECEDENTED
★ **FUEL DISCOUNT** ★

**10%** WE OFFER:
★ 24/7 personal dedicated dispatcher
★ **$15,000** sign on bonus!
**OR MORE** ★ consistent loads
★ great rates

**CALL** (615) 647-6227
US TODAY!

Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at (615) 647-6227

Text STOP to end

Stop

3:35 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number

Write a message...

3:35  75°     42%

← **(855) 713-8223**   📞   ⋮

3:35 PM



Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at (615) 647-6227

Text STOP to end

Stop

3:35 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

Write a message...

← **(844) 431-0917** 📞 ⋮



Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at (615) 647-6227

Text STOP to end

Stop

3:57 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

Write a message...

5:01                                      5G 89%

← **(844) 965-1033**                              📞 ⋮

4:56 PM



Fuel Prices Stressing you out?

Join REY Logistics and get an unprecedented Fuel Discount

- 10% or more in Fuel Discount:
- 24/7 dispatcher
- $15k sign on bonus!
- Consistent loads
- Great rates!

Call us Today at (615) 647-6227

Text STOP to end



Stop

5:00 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.



 Write a message...                    ➤

1:52 🔘 69°

**(844) 999-1712** 📞 ⋮



# WE ARE HIRING!
## OTR AND REGIONAL OWNER-OPS
### JOIN US 833-REY-LOGS
TODAY: 833-739-5647

REY Logistics is the best choice for owner-operators and fleet owners. Here's what we offer:

🔥 10% or more DISCOUNT on FUEL
💰 $15,000 SIGN-ON BONUS
🏞️ OTR or REGIONAL loads (your choice)
👩 24/7 Dedicated Personal Dispatcher
💻 Virtual orientation (be on the road in 48 hours)
🚚 Plate Program with 2290 and IFTA

Join Us Today: <u>1-833-739-5647</u>

Text STOP to end

> Stop

1:52 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

Write a message...

1:52 🖼️ 🌀 69°

4G 📶 25% 🔋

← **(844) 999-1712**   📞   ⋮

1:48 PM



REY Logistics is the best choice for owner-operators and fleet owners. Here's what we offer:

🔥 10% or more DISCOUNT on FUEL
💰 $15,000 SIGN-ON BONUS
💵 OTR or REGIONAL loads (your choice)
👩‍💼 24/7 Dedicated Personal Dispatcher
💻 Virtual orientation (be on the road in 48 hours)
🚚 Plate Program with 2290 and IFTA

Join Us Today: 1-833-739-5647

Text STOP to end

Stop

1:52 PM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

Write a message…

10:51 🐾 🐾 ⭕ 🖼 73° 🐾 ⏰ ✳ 📍 ⓩ 4⁺ 📶 67% 🔋

← **(844) 973-2477** 📞 ⋮

10:51 AM



REY Logistics is the best choice for owner-operators and fleet owners. Here's what we offer:

🔥 FUEL DISCOUNT
💲 SIGN-ON BONUS
💵 OTR or REGIONAL loads (your choice)
💻 Virtual orientation (be on the road in 48 hours)

Join Us Today: 1-833-739-5647

Text STOP to end

Stop

10:51 AM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

➕  Write a message…  ➤

10:13

76°

5G

48%



← **(833) 325-2462**   📞   ⋮

10:12 AM



REY Logistics is the best choice for owner-operators and fleet owners. Here's what we offer:

🔥 FUEL DISCOUNT
💰 SIGN-ON BONUS
🎦 OTR or REGIONAL loads (your choice)
💻 Virtual orientation (be on the road in 48 hours)

Join Us Today: <u>1-833-739-5647</u>

Text STOP to end

Stop

10:12 AM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.

➕   Write a message...   ➤